IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JACK LENARDSON and TODD ORTOWSKI, Individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO.: |
| LIFE TIME FITNESS, INC. (MN) | ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Jack Lenardson and Todd Ortowski, on behalf of themselves and others similarly situated, and file this complaint against Defendant Life Time Fitness, Inc. (MN) (hereinafter "Life Time") showing the following:

## NATURE OF COMPLAINT

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action also seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated minimum and overtime wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29

1

U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiffs' employment with Defendant (hereinafter referred to as the "relevant time period").

## JURISDICTION AND VENUE

### 3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

### 4.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiffs' former work location: 11555 Johns Creek Parkway, Johns Creek, Georgia 30097.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## PARTIES

### 5.

Plaintiffs are citizens of the State of Georgia, and are subject to the jurisdiction of this Court.

### 6.

Defendant Life Time is a foreign corporation registered to do business in Georgia.

### 7.

Defendant Life Time may be served with process by delivering a copy of

the summons and complaint to its registered agent, Cogency Global Inc., 900 Old

Roswell Lakes Parkway, Suite 310, Roswell, Georgia, 30076.

## FACTUAL ALLEGATIONS

8.

Plaintiffs worked at Life Time Fitness in Johns Creek, Georgia as Personal

Trainers within the past three years.

9.

Plaintiffs were compensated using a commission-based system based on

sales or services provided to Life Time members.

10.

Upon information and belief, Life Time did not keep accurate records of the

Personal Trainers' regular hourly rate, overtime rate of pay, hours worked each

workday or workweek, all deductions made from their gross wages, and the

settlement periods used to allocate the commissions over pre-determined periods of

time.

11.

Life Time intentionally engaged in a uniform practice of not recording hours

worked or notifying Personal Trainers of their regular rate of pay to obscure the

payment of minimum and overtime wages.  Thus, Personal Trainers could not and

cannot determine whether they are being paid correctly.

12.

Upon information and belief, Life Time held its department heads "personally liable" if Personal Trainers did not make sufficient commissions to meet the draw.  Life Time instructed its department heads to have Personal Trainers clocked in only during their assigned shift, regardless of the amount of time actually worked.  Managers instructed and threatened Personal Trainers not to incur draw because the draw would be deducted from the managers' wages.  Thus, even though Personal Trainers were in the fitness centers under the control of Life Time performing work, they sometimes did not clock in for all hours worked.

13.

Personal Trainers were required to work more than 40 hours in a workweek performing, among other things, training clients, attending mandatory meetings, completing tutorials, quizzes, videos and certifications, training courses, and cleaning the equipment in the fitness centers.  Personal Trainers, however, were not paid overtime they earned on some occasions.  Because Life Time did not want to pay the minimum-wage draw, let alone overtime, Personal Trainers were forced to perform these duties "off the clock."

14.

Personal Trainers were not paid overtime for some work in excess of 40 hours in a workweek.

15.

Life Time neither kept accurate records of all the hours worked by Personal

Trainers, nor did it provide them with wage statements or paystubs setting forth all

hours actually worked at the correct rate of pay.  Because Life Time did not set

forth the actual amount of hours worked in wage statements or paystubs, Personal

Trainers could not and cannot determine whether they were paid properly for all

hours worked.

16.

Defendant Life Time is an "employer" within the definition of FLSA §3(d),

29 U.S.C. §203(d).

17.

Defendant is governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204,

206-207.

18.

At all relevant times, Defendant Life Time has been, and continues to be, an

"employer" engaged in interstate commerce and/or the production of goods for

commerce, within the meaning of the FLSA, 29 U.S.C. § 201, et. seq.

19.

At all times relevant, Defendant Life Time has employed and continues to

employ, employees, including Plaintiffs, who engage or engaged in commerce or

in the production of goods for commerce.

20.

At all times relevant, upon information and belief, Defendant Life Time has had an annual gross volume of sales made or business done in excess of $500,000.00.

21.

The minimum wage and overtime provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendant and protect Plaintiffs.

22.

Plaintiffs and one Opt-in Plaintiff have consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

23.

Plaintiffs and the Opt-In Plaintiffs ("FLSA Collective") are similarly situated in that they have substantially similar job classifications, job duties, job requirements, and were subject to Life Time's common practice, policy, or scheme of forcing them to work off the clock so that they will not earn minimum wage, incur a draw, or earn overtime.

## CAUSE OF ACTION

## Violation of the Minimum and Overtime Wage Requirements of the Fair Labor Standards Act (FLSA Collective).

24.

Defendant has violated the FLSA § 6,7, 29 U.S.C. § 206, 207, by failing to pay minimum and overtime wages earned by Plaintiffs.

25.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiffs bring this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## Prayer for Relief

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(A)    Grant Plaintiffs and the FLSA Collective a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiffs and the FLSA Collective unpaid minimum wages and overtime wages pursuant to the FLSA §§ 6, 7; 29 U.S.C. §§ 206, 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C)    Enter declaratory judgment declaring that Plaintiffs' rights and the rights of

7

the FLSA Collective have been violated;

(D)  Award Plaintiffs and the FLSA Collective such further and additional

relief as may be just and appropriate.

Respectfully submitted, this 19th day of January, 2018.

**THE SHARMAN LAW FIRM LLC**

/s/ *Paul J. Sharman*
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff
