# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| JACK LENARDSON and TODD ORTOWSKI, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFETIME FITNESS, INC. (MN),<br><br>Defendant. | 1:18-CV-00293-ELR |

## ORDER

This matter is before the Court on the Parties' Joint Motion for Stipulated Judgment Approving Settlement and Release Agreements. [Doc. 10]. Significantly, Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA"), which was enacted in 1938 for the purpose of "protect[ing] all covered workers from substandard wages and oppressive working conditions." Christopher v. SmithKline Beecham Corp., 567 U.S. 142, 147 (2012) (quoting Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981)) (internal quotation marks omitted). Taking into account the disparity of bargaining power that often exists between employers and their employees, Congress made the FLSA's wage and

hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Thus, employers are prohibited from negotiating agreements that require employees to waive certain minimum protections provided for by the FLSA. Id.

In this Circuit, courts have acknowledged that there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first option, which is inapplicable to this case, involves actions taken by the Secretary of Labor. Id. at 1353. The second route, on the other hand, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b). If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court may enter a stipulated judgment. Id. at 1355. In this context—when the employees are represented by counsel—there is some assurance that the employees' rights under the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. at 1354. To that end, the Court notes that Plaintiffs are represented by counsel in the present action.

> Importantly, the Eleventh Circuit Court of Appeals has instructed as follows:
>
> [The] FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated

2

adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions.

Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009). In fact, "[d]istrict courts in this circuit have indicated that if attorney's fees are negotiated simultaneously with a damages award in a FLSA settlement, this should trigger increased scrutiny of the reasonableness of the settlement." Martin v. Huddle House, Inc., No. 2:10-CV-0082-WCO, 2011 WL 611625, at *2 (N.D. Ga. Feb. 11, 2011).

After reviewing the Parties' motion, the Court finds there is a bona fide dispute regarding claims arising under the FLSA, and the Settlement Agreement submitted by the Parties is a fair and reasonable resolution to this action. Although Defendant denies Plaintiffs' allegations of wrongdoing, the Parties engaged in an arms-length settlement negotiation and eventually agreed upon terms to resolve this dispute. Moreover, Plaintiffs note that "the settlement amounts for each Plaintiff and Opt-in were negotiated individually based on each individual's time and pay records. The amount of attorneys' fees had no bearing on the individual Plaintiffs' recoveries." [Doc. 10 at 13-14].

Accordingly, the Court **GRANTS** the Joint Motion for Stipulated Judgment Approving Settlement and Release Agreements [Doc. 10]; **APPROVES** the Settlement Agreement; and **DISMISSES WITH PREJUDICE** this action. The Court **DIRECTS** the Clerk to **CLOSE** this case.

**SO ORDERED**, this 19th day of April, 2018.

Eleanor L. Ross
United States District Judge
Northern District of Georgia